

## HAHN&HESSEN LLP
### ATTORNEYS

John P. Amato
Member of the Firm

Direct Dial: (212) 478-7380
Email: jamato@hahnhessen.com

February 3, 2011

*Via* Facsimile

Honorable Laura Taylor Swain
United States District Judge
United States District Court for
the Southern District of New York
500 Pearl Street, Courtroom 11C
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 4 FEB 2011

Re:     *DLJ Mortgage Capital, Inc. v. Kontogiannis, et al.*
        Case No.: 10-civ-9092 (LTS) (JCF)

Dear Judge Swain:

We represent plaintiff DLJ Mortgage Capital, Inc. ("DLJ") in the captioned matter. We write in response to the letter, dated February 3, 2011, by defendants Halifax Group LLC ("Halifax") and Plaza Real Estate Holdings, Inc. ("Plaza") in which they discuss several allegedly confusing sections of the Minute Order concerning the proceedings held before the Court on January 19, 2011, and to clarify certain points made therein.

Initially, Halifax and Plaza inform the Court that the Minute Order contains a typographical error with respect to the date on which the defendants' opposition to DLJ's motion to remand was to be served. DLJ does not contest the fact that the defendants' opposition was to be filed by January 28, 2011 and not January 2, 2011 as indicated on the Minute Order. DLJ also agrees with the third point raised by Halifax and Plaza, namely that the defendants were directed by the Court to submit opposition to DLJ's proposed Findings of Fact and Conclusions of Law on February 11, 2011, not an opposition to DLJ's motion for an order of attachment given that said motion has already been fully briefed and decided in the state court.

However, the second point raised by Halifax and Plaza, namely that this Court directed the defendants to brief only the "unclean hands" issue raised in DLJ's motion to remand, wholly mischaracterizes the proceedings before the Court. At the January 19th hearing, Your Honor explicitly stated, and made very clear, that the defendants were to oppose the issues raised in DLJ's motion since they had failed to do so previously. Moreover, the defendants were undoubtedly on notice that both DLJ and the Court had concerns over their failure to respond to DLJ's arguments given that prior to the hearing, we sent a letter to Your Honor highlighting the precise point that these defendants "should have, but chose not to, explain why the third-party

488 Madison Avenue • New York, NY 10022 • (212) 478-7200
Fax (212) 478-7400 • Email: thefirm@hahnhessen.com

eaders



February 3, 2011
Page 2

complaint was properly filed in the first instance" and, indeed, this was the first topic discussed at the January 19th hearing. A copy of the referenced letter is annexed hereto as Exhibit 1.

Significantly, before the January 19th hearing, Halifax and Plaza had three opportunities to respond to the arguments raised in DLJ's motion to remand, yet they failed to do so. Your Honor then gave them a fourth opportunity at the hearing, and they have since submitted their opposition, and responded to several arguments raised in DLJ's motion to remand. Since that time, we have been diligently working to draft our reply, and expect to file said reply very shortly. Respectfully, this Court should not allow these defendants to now distort and limit a clear directive of the Court in order to be afforded yet another opportunity to respond to DLJ's arguments which were first raised in December, and which they repeatedly chose not to respond to. They have submitted their opposition, and it should stand.

For all the foregoing reasons, DLJ respectfully submits that Your Honor's directive to Halifax and Plaza to respond to the arguments raised in DLJ's motion to remand were clear, and, therefore, this Court should consider the opposition filed on January 28th and not allow these defendants any more opportunities.

Respectfully submitted,

John P. Amato

cc: Counsel of Record (*via* email)

# EXHIBIT 1



HAHN&HESSEN LLP
ATTORNEYS

John P. Amato
Member of the Firm

Direct Dial: (212) 478-7380
Email: jamato@hahnhessen.com

January 19, 2011

By Facsimile (212) 805-0426

Honorable Laura Taylor Swain
United States District Court Judge
United States District Court for
the Southern District of New York
500 Pearl Street, Courtroom 11C
New York, New York 10007

     Re:  *DLJ Mortgage Capital, Inc. v. Kontogiannis, et al.*
        Case No.: 10-civ-9092 (LTS) (JCF)

Dear Judge Swain:

   We represent plaintiff DLJ Mortgage Capital, Inc. ("DLJ") and write in response to the oppositions, filed by defendants Plaza Real Estate Holdings, Inc. ("Plaza") and Halifax Group, LLC ("Halifax"), as well as the several other Kontogiannis family members and entities represented by Ronald E. DePetris, Esq. (collectively, the "Kontogiannis Defendants"), to the stipulation and proposed order to remand submitted jointly by DLJ and the Federal Deposit Insurance Corporation ("FDIC").

   In duplicative opposition papers, the Kontogiannis Defendants make no argument disputing and simply avoid the fact that the third-party complaint was improperly filed by fraudulent transferees undeserving of the equitable intervention right, the central point supporting remand in our December 16, 2010 letter.

   Notably, the Kontogiannis Defendants admit to this Court that, should the third-party complaint be dismissed, this Court would have the discretion to refrain from exercising supplemental jurisdiction over what is purely a state law case and, as already acknowledged by Judge Vitaliano, the proper place for this action to be heard would be New York state court.

   The Kontogiannis Defendants, in their continued and blatant efforts to further delay these proceedings and prevent the victims of their crimes from finally receiving justice, attempt to persuade this Court to put its head in the sand by (a) temporarily exercising jurisdiction over the instant action, (b) entertaining their motion(s) to change venue to the Eastern District of New York (which they have already explicitly informed this Court of their intent to make), and

488 Madison Avenue • New York, NY 10022 • (212) 478-7700
Fax (212) 478-7400 • Email: thefirm@hahnhessen.com



January 19, 2011
Page 2

(c) ultimately, after months of delay, allowing the parties to brief a motion to dismiss the third-party complaint (either in this Court or before Judge Vitaliano, who has already dismissed this action for lack of subject matter jurisdiction). Respectfully, this Court should not permit such a delay and travesty of justice to be orchestrated by these fraudsters. They should have, but chose not to, explain why the third-party complaint was properly filed in the first instance. Having not done so, there is no dispute that their third-party complaint was blatantly improper.[1]

Therefore, for all the reasons set forth above as well as in DLJ's January 11, 2011 letter, DLJ respectfully submits this Court should exercise its discretion to remand this action immediately because the third-party complaint was improperly filed.

Respectfully submitted,

John P. Amato

cc:     All Counsel (*via* email)

---

[1]     Mr. DePetris asserts that this Court stayed the Kontogiannis Defendants from having to respond to this most cogent argument. Nothing can be further from the truth. Instead, in response to a request by the title insurance defendants to stay briefing of the previously filed motions in state court, this Court stayed those motions. This Court did not stay the briefing on the remand issues, especially not on DLJ's arguments supporting remand made in its prior letters to this Court.