UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DLJ MORTGAGE CAPITAL, INC.,

        Plaintiff,

   -v-                                    No. 10 Civ. 9092 (LTS)

THOMAS KONTOGIANNIS, et al.,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 17 FEB 2011

## MEMORANDUM ORDER

On August 10, 2010, Plaintiff DLJ Mortgage Capital, Inc. ("DLJ"), filed in the Supreme Court of New York State an Amended Complaint containing causes of action against 27 defendants ("Defendants"), alleging that they had participated in a "massive mortgage fraud" conspiracy to "defraud DLJ out of approximately $50 million by creating at least 95 fraudulent mortgage packages." (Am. Compl. ¶ 1.) The Amended Complaint also alleges that the Defendants "employed the same scheme to steal at least $50 million from . . . the federally chartered financial institution Washington Mutual Bank." (Id. ¶ 3.) It alleges further that at least two of the 27 Defendants in the state court action, Halifax Group LLC and Plaza Real Estate Holdings, Inc. ("Halifax and Plaza"), are "shell compan[ies]" or "alter ego[s]" of the other Defendants. (Am. Compl. ¶¶ 117, 118.) Halifax and Plaza filed and served an interpleader complaint and summons against the Federal Deposit Insurance Corporation ("FDIC"). (FDIC's Dec. 9, 2010, letter.) The FDIC, in its capacity as a receiver for Washington Mutual Bank, has claims pending against the Defendants in federal district court in the Eastern District of New York that arise from the same alleged conspiracy. Six days after being interpleaded, the FDIC removed the case to this Court,

invoking 12 U.S.C. § 1819(b)(2)(B).

DLJ asserts that the defensive interpleader of the FDIC as a third-party defendant was improper and that the case should therefore be remanded to state court for lack of subject matter jurisdiction. The Court construes DLJ's letters to the Court, dated December 8 and 16, 2010, and a motion filed on December 22, 2010, as a motion to dismiss the interpleader complaint and a motion to remand. Letters in opposition to DLJ's motions and two motions to transfer venue to the Eastern District of New York have also been filed in this matter.[1] The Court has considered carefully the parties' submissions. For the following reasons, DLJ's motion to dismiss the interpleader complaint is granted. The motion to remand is granted for lack of subject matter jurisdiction or, in the alternative, pursuant to the doctrine of abstention. The motions to transfer venue are denied as moot.

The presence of the FDIC is the sole basis for federal jurisdiction of this matter. Title 12 of the U.S. Code, section 1819(b)(2)(A) provides in part that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C.A. § 1819(b)(2)(A) (West 2001). Another subdivision of the same statute, section 1819(b)(2)(B), provides the basis for removal, stating:

> [The FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C.A. § 1819(b)(2)(B) (West 2001).

---

[1] The Parties opposed to DLJ's motions have had ample opportunity to explain the basis for their opposition, whether in conferences before the undersigned (Jan. 5 and 19, 2011, conferences), in letters to the Court (e.g., FDIC's Dec. 9 and 16, 2010, letters; Apergis' Jan. 18, 2011, letter), and in briefs requested by the Court regarding DLJ's argument that interpleader was improper due to defendants' "unclean hands." (Halifax and Plaza's Jan. 28, 2011, brief on "unclean hands").

As an initial matter, the FDIC properly effected removal of this case. The FDIC became a party to the case, rightly or wrongly, when Halifax and Plaza served its interpleader complaint and summons pursuant to N.Y. C.P.L.R. § 1006(b). The FDIC then removed the entire action pursuant to 12 U.S.C. § 1819, following the procedures provided for in 28 U.S.C. § 1446. See Franklin Nat'l Bank Sec. Litigation v. Anderson, 532 F.2d 842, 846 (2d Cir. 1976) (holding that, in the context of removal pursuant to an earlier version of § 1819, the general removal statute, 28 U.S.C. 1446, provides the appropriate procedure for removal, to the extent it does not conflict with § 1819). Here, it is not disputed that the FDIC filed a signed notice of removal in this Court, 28 U.S.C. § 1446(a), and promptly gave written notice thereof to all adverse parties and filed a copy of the notice with the clerk of the state court, 28 U.S.C. § 1446(d). It now falls to this Court to decide whether interpleader is appropriate and, if not, whether the case is to be remanded.

The interpleading of the FDIC was improper because defendants Halifax and Plaza are not "stakeholders" within the meaning of the relevant rule. The state interpleader rule provides in pertinent part that, "A defendant stakeholder may bring in a claimant who is not a party by filing a summons and interpleader complaint." N.Y. C.P.L.R. § 1006(b) (McKinney 1997). "A stakeholder is a person who is or may be exposed to multiple liability as the result of adverse claims." N.Y. C.P.L.R. § 1006(a) (McKinney 1997). Here, the claims of DLJ and the FDIC are not adverse to each other. On the contrary, their allegations of a mortgage fraud conspiracy perpetrated by the Defendants are consistent with one another, and Defendants may ultimately be found liable to both DLJ and FDIC. Halifax and Plaza are alleged to have participated in the mortgage fraud conspiracy and, "under New York law, the liability of co-conspirators is joint and several, notwithstanding the amount of any direct benefit conferred upon them through a fraudulent transaction." American Transit Ins. Co. v. Faison, 242 A.D.2d 201, 201 (1st Dept. 1997) (citation

omitted). The interpleader aspect of the removed action is thus improper and will be dismissed.[2]

In light of the dismissal of the sole aspect of the removed action to which FDIC is a party, the Court must determine whether it retains subject matter jurisdiction to hear DLJ's claims against Defendants. The federal statute pursuant to which the FDIC removed this action provides that federal question jurisdiction exists for "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party." 12 U.S.C.A. § 1819(b)(2)(A) (West 2001). The Second Circuit has construed this statutory provision in the context of jurisdiction following the FDIC's transfer of its interest, as receiver, in the subject matter of the litigation to a third party, holding that in those circumstances the court's section 1819(b)(2)(A) jurisdiction continued. F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999). In so doing, the Second Circuit cited with approval the Fifth Circuit's conclusion in Federal Savings & Loan Insurance Corp. v. Griffin, 935 F.2d 691 (5th Cir. 1991), a case that presented similar successorship issues, that "the 'policy reasons for insuring federal jurisdiction over cases involving the actions of failed thrifts continue when the FDIC [is no longer a party to the case]. A transferee from FSLIC or FDIC, as successor of their interests, is still entitled to the protection of federal courts.'" F.D.I.C. v. Four Star, 178 F.3d at 100 (quoting Griffin, 935 F.2d at 696). The Four Star Court noted as well the principle that jurisdiction contingent on title to particular property at particular points in time could discourage transactions that could be in the public interest during the pendency of litigation, and held that "the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction under Section 1819." Id. at 101.

---

[2] This conclusion would be the same under the federal interpleader rule. See Bradley v. Kochenash, 44 F.3d 166, 168 (2d Cir. 1995) ("The requirement that the claims as to which interpleader is sought be adverse to each other is not met when the stakeholder may be liable to both claimants.") (citation and internal punctuation omitted).

The issue before this Court was not presented in Four Star or Griffin, and research has disclosed no decisions in this Circuit that provide binding or persuasive authority. Here, the FDIC was brought into the action through the inappropriate invocation of a procedural vehicle, interpleader, and the interpleader action is dismissed. The FDIC was not otherwise a party to the action, and no FDIC successor-in-interest would be prejudiced by the loss of federal jurisdiction. The issues among the remaining parties are ones arising under state law only and there is on the record before the Court no legal or equitable basis, other than arguments regarding the effect of section 1819, for any expectation on the part of any remaining party that federal jurisdiction would survive dismissal of the interpleader complaint. Two district courts outside of this Circuit have held, under similar circumstances, that dismissal of the FDIC-related aspect of a removed action would warrant remand. See Arends v. Eurobank & Trust, 146 F.R.D. 42, 46-47 (D.P.R. 1993) (the dismissal of the FDIC-related aspects of an action would "erod[e] the foundation of federal jurisdiction"); Castleberry v. Goldome Credit Corp., 969 F. Supp. 705, 711 (M.D. Ala. 1997) ("If the FDIC entities have not been properly added as defendants, then this court will dismiss them, and this cause will then be subject to remand back to state court.")

The Court concludes that where, as here, the FDIC was improperly made a party to litigation, the claim against the FDIC has been dismissed and no issues pertaining to the FDIC or any successor remain to be litigated in the removed action, the federal jurisdictional provision of section 1819 should not be construed to support continued federal subject matter jurisdiction of the remaining parties' state law claims inter se. In that the remaining claims arise under state law and there is no independent basis for federal jurisdiction, the Court also declines pursuant to 28 U.S.C. § 1367(c) to exercise any supplemental jurisdiction it may have of those claims.

To the extent the Court may, notwithstanding the foregoing analysis, have continuing subject matter jurisdiction, the Court further concludes that abstention in favor of continuing litigation in the state court forum is appropriate, pursuant to the principles first articulated by the Supreme Court in Colorado River Water Cons. Dist. v. United States, 424 U.S. 800 (1976).

> [Abstention pursuant to Colorado River] requires examination of six factors: (1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights.

F.D.I.C. v. Four Star, 178 F.3d at 101 (internal quotation marks omitted) (quoting De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir.1989)). Abstention is a narrow exception to a federal court's duty to exercise jurisdiction – indeed, a court should abstain "only in the exceptional circumstances where the order to the parties to repair to state court would clearly serve an important countervailing interest," F.D.I.C. v. Four Star, 178 F.3d at 101 – but the instant case presents circumstances clearly pointing to important countervailing interests. Four of these factors weigh in favor of abstention in this case: the state court action was filed first and progress toward resolution has already been accomplished in that court (factor 4); a decision not to remand would require rehearing matters already heard by the state court, including whether to issue an order of attachment (factor 3); state law provides the rules of decision (factor 5); and Plaintiff DLJ, as a guardian of its own rights, has requested remand, and the FDIC may continue to litigate its claims against Defendants in its original forum of choice, the Eastern District of New York (factor 6). In particular, the removal of this action followed substantial litigation and the conclusion of a heavily-contested attachment proceeding in the state court, but preceded the state court's entry of findings and an order relating to DLJ's attachment application. The parties dispute the legal significance of the state court judge's statements on the record, and take disparate positions as to what finding are

warranted on the state court record. The interests of efficiency and judicial economy would clearly best be served, and forum-shopping (however indirect) discouraged, by remand of this action to state court for prompt continuation of the previously-pending proceedings. The remaining two factors – relative convenience of the fora and jurisdiction over a res (factors 2 and 1) – are neutral. Abstention is thus appropriate even if this Court has subject matter jurisdiction, given that four out of six factors support abstention and none of the factors weighs against it. The Court will, accordingly, abstain from exercising any continuing jurisdiction it may have of this matter and will remand it to the state court.

For the foregoing reasons, the interpleader complaint is dismissed without prejudice to litigation of the issues raised therein in an appropriate forum. The case is hereby remanded to state court, and the motions to transfer venue are denied as moot. This Order resolves docket entry numbers 23, 31 and 33. The Clerk of the Court is respectfully requested to effectuate prompt remand of this case to the Supreme Court of the State of New York, New York County.

SO ORDERED.

Dated: New York, New York
February 17, 2011

LAURA TAYLOR SWAIN
United States District Judge